IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT C. BROWN, | 2:12-cv-01853-GEB-GGH |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE; FED. R. CIV. P. 4(M) NOTICE |
| DEPARTMENT OF HOMELAND SECURITY, UNITED STATES COAST GUARD, JOSHUA MATTHEW EDWARDS, | |
| Defendants. | |

        The July 13, 2012, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on October 29, 2012, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The July 13th Order further required that a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

        Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than November 2, 2012, why sanctions should not be imposed against him and/or his counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff or his counsel is at fault, and whether a hearing is requested on the OSC.[1] If

---

[1] "If the fault lies with the attorney, that is where the impact
(continued...)

a hearing is requested, it will be held on January 14, 2013, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A joint status report shall be filed no later than fourteen (14) days prior to the status conference.

Further, Plaintiff is notified under Rule 4(m) of the Federal Rules of Civil Procedure that failure to serve Defendants Department of Homeland Security, United States Coast Guard, and Joshua Matthew Edwards with process within the 120 day period prescribed in that Rule may result in the unserved defendant(s) and/or this action being dismissed. To avoid dismissal, on or before November 9, 2012, Plaintiff shall file proof of service for these defendants or a sufficient explanation why service was not effected within Rule 4(m)'s prescribed service period.

IT IS SO ORDERED.

Dated: October 23, 2012

GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1](...continued)
of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).