BENJAMIN B. WAGNER
United States Attorney
CHI SOO KIM
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Defendant
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT C. BROWN,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　Defendant. | CASE NO. CASE NO. 2:12-CV-01853 GEB-CKD<br><br>**STIPULATION AND [PROPOSED] ORDER APPROVING COMPROMISE SETTLEMENT AND DISMISSING ACTION WITH PREJUDICE** |

It is hereby stipulated by and between Plaintiff Herbert C. Brown and Defendant United States of America, by and through their respective attorneys, as follows:

1.　The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Settlement Agreement.

2.　The United States of America agrees to pay the sum of $15,000.00, which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which Plaintiff or his guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees.

STIPULATION AND [PROPOSED] ORDER APPROVING COMPROMISE SETTLEMENT AND DISMISSING ACTION WITH PREJUDICE – *Brown v. U.S.*, No. 12-CV-01853 GEB-CKD

1

3.      Plaintiff and his guardians, heirs, executors, administrators or assigns hereby agree to accept the sums set forth in this Stipulation of Compromise Settlement in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages.  Plaintiff and his guardians, heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America, its agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiff or his guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

4.      Plaintiff expressly waives any rights or benefits available pursuant to Section 1542 of the Civil Code of the State of California, which provides as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

The parties understand and agree that this Stipulation of Compromise Settlement shall act as a release of future claims that may arise from the subject matter of the above-captioned action, whether such claims are currently known, unknown, foreseen or unforeseen.  The parties understand and acknowledge the significance and consequences of the specific waiver of section 1542 and hereby assume full responsibility for any injury, loss, damage or liability that may be incurred hereafter by reason of or related to the subject matter that gave rise to this action.

5.      This stipulation for compromise settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to Plaintiff.  This settlement is

STIPULATION AND [PROPOSED] ORDER APPROVING COMPROMISE SETTLEMENT AND
DISMISSING ACTION WITH PREJUDICE – *Brown v. U.S.*, No. 12-CV-01853 GEB-CKD

entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

6. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by Plaintiff will be paid out of the settlement amount and not in addition thereto.

7. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

8. The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement. In the event any plaintiff is a minor or a legally incompetent adult, Plaintiff must obtain Court approval of the settlement at his expense. Plaintiff agrees to obtain such approval in a timely manner: time being of the essence. Plaintiff further agrees that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event Plaintiff fails to obtain such Court approval, the entire Stipulation For Compromise Settlement And Release and the compromise settlement are null and void.

9. Payment of the settlement amount will be made by check drawn on the Treasury of the United States for fifteen thousand dollars ($15,000.00) and made payable to Herbert C. Brown, Plaintiff, and Geoffrey P. Wong, Plaintiff's attorney. The check will be mailed to Plaintiff's attorney at the following address: Law Office of Geoffrey P. Wong, 331 J Street, Suite 200, Sacramento, CA 95814. Plaintiff's attorney agrees to distribute the settlement proceeds to Plaintiff, and to obtain a dismissal of the above-captioned action with prejudice, with each party bearing its own fees, costs, and expenses.

10. The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

11. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be

deemed to be one document.

12. Upon approval by the Court as provided below, Plaintiff's action against the United States is hereby DISMISSED WITH PREJUDICE in its entirety and the Clerk of the Court is requested to enter this dismissal and release in the official docket and to close the case.

Dated: September 10, 2013

Respectfully submitted,
/s/ Herbert C. Brown

HERBERT C. BROWN
Plaintiff

Dated: September 10, 2013

LAW OFFICE OF GEOFFREY P. WONG

/s/ Geoffrey P. Wong
GEOFFREY P. WONG
Attorneys for Plaintiff Herbert C. Brown

Dated: September 10, 2013

BENJAMIN B. WAGNER
United States Attorney

/s/ Chi Soo Kim
CHI SOO KIM
Assistant United States Attorney

**ORDER**

**IT IS SO ORDERED.**

**Dated:  December 6, 2013**

GARLAND E. BURRELL, JR.
Senior United States District Judge

STIPULATION AND [PROPOSED] ORDER APPROVING COMPROMISE SETTLEMENT AND DISMISSING ACTION WITH PREJUDICE – Brown v. U.S., No. 12-CV-01853 GEB-CKD

4